UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JABARI CLEVER BLACK, | ) No. ED CV 11-00494-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred as a

        matter of law by failing to properly assess Plaintiff's credibility (JS at 3);

2. Whether the ALJ erred as a matter of law by failing to properly assess the witness testimony (JS at 9); and

3. Whether the ALJ erred as a matter of law by failing to pose a complete hypothetical question (JS at 14).

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ CORRECTLY ASSESSED PLAINTIFF'S CREDIBILITY**

In his Decision (AR 15-23), the ALJ made a negative credibility assessment of Plaintiff's testimony. (AR 19-21.) After laying out the applicable factors identified in Social Security Ruling ("SSR") 96-7p, the ALJ determined that the following credibility factors were particularly applicable:

> "... whether the person has a pecuniary interest in the outcome of the hearing or may otherwise be motivated by secondary gain; whether a person's evidence is inconsistent with or contradicted by prior statements or other evidence in the record; and the appearance and demeanor of a person as a witness at the hearing."

(AR 21.)

In addition to the foregoing factors, the ALJ extensively discussed the findings of various medical professionals who concluded

2

that Plaintiff was a malingerer. ("Indeed, numerous examiners of record have noted and commented upon the claimant's lack of credibility, efforts at feigning a disorder, and objective evidence showing malingering and/or exaggeration." [AR 21.])  The ALJ then recounted these instances in his decision. (Id.)

In addition to the foregoing, the ALJ cited evidence of instances in which Plaintiff "has given inconsistent evidence about using alcohol and/or illegal drugs." (Id.)

The Court is called upon to determine whether the ALJ properly discharged his function in assessing Plaintiff's credibility.

The credibility assessment process in Social Security matters is well known, and has been identified in numerous cases, perhaps the principal one of which is Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)(en banc).  This case established a two-step standard, by which the ALJ must first determine whether a claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce pain or other alleged symptoms.  If the first criterion is met, and there is no evidence of malingering, an ALJ can reject a claimant's testimony only by offering specific, clear and convincing reasons for doing so. (See also Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

While Plaintiff argues to the contrary, it is quite apparent that the evidence in the record, cited by the ALJ, was more than ample to support his credibility assessment.  As to malingering, numerous medical professionals have reached this conclusion. (See, e.g., Dr. Fischer [AR 207-219]; Dr. S. Janzen [AR 278]; Dr. Marks [AR 281].)

With regard to the ALJ's notation of Plaintiff's own inconsistent statements, this is also borne out by the record.  When examined by

Dr. Reznick on March 6, 2008 (AR 245-51), it was concluded that Plaintiff failed a test of Memory Malingering and "appears to have deliberately responded incorrectly ... which in turn indicated an extremely high probability of malingering." (AR 250.) Plaintiff's intelligence test results indicated a conscious desire to underperform, and medical records from Kaiser led the examining physician to describe Plaintiff's "vague claims of auditory hallucinations" as supporting a conclusion of malingering. (AR 320, 332.)

With regard to Plaintiff's own statements, it is also clear in the record that Plaintiff has made statements that he wanted SSI for pecuniary reasons only ("easy money"). (AR 286.) Plaintiff stated he really didn't need to have mental health treatment and that he "never took his meds anyway." (AR 286.) The ALJ carefully cited a consistent and lengthy history on Plaintiff's part of exaggerated allegations. (AR 19-21.) See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

As the Commissioner notes, also contradicting Plaintiff's exaggerations of his subjective state were medical records indicating that when he took his medications, his condition was effectively controlled by the treatment. (AR 20, 301.) This again is a valid credibility assessment factor. See Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff's report that he had last drunk alcohol five or six years previously (AR 43) is belied by probation records which indicate that he occasionally used alcohol in 2007. (AR 266.)

All in all, the ALJ's assessment is well supported, and there is no basis in the record to reject it.

4

**II**

**THE ALJ PROPERLY THE CREDIBILITY OF PLAINTIFF'S FATHER**

In his second issue, Plaintiff argues that the ALJ failed to properly assess the testimony of his father, Booker Black.

In the decision, the following credibility assessment is provided:

> "I have also assessed the credibility of the evidence given by the claimant's father. As noted above, with regard to such evidence, I determined that other evidence is entitled to greater weight. Further, the following credibility factors were particularly applicable in assessing the statements of the claimant's father: whether and to what extent the person may have a pecuniary interest in the outcome of the hearing; whether and to what extent the evidence may be colored by friendship or kinship; and whether and to what extent a person's evidence is inconsistent with or contradicted by prior statements or other evidence in the record. After having considered the credibility factors just mentioned, I find that such evidence is not fully credible."

(AR 22.)

It is the ALJ's responsibility to consider and assess testimony of friends and family members. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). At the hearing held on August 3, 2009 (AR 27-75), testimony was taken from Booker A. Black, Jr., Plaintiff's father. (AR 60-68.) While Plaintiff asserts that the ALJ did not give legally sufficient reasons to disregard that testimony, citing Smolen, supra,

and 20 C.F.R. § 404.1513(e)(2), the ALJ's Decision does not provide support for that claim. Thus, while Plaintiff's father assessed Plaintiff as seeming more depressed, suicidal and difficult to deal with (AR 61), and also opined that Plaintiff's treatments have not seemed to help him (AR 67), the records do not support this assertion. (See, discussion as to Issue I, supra.) Indeed, the ALJ's assessment of Booker Black's credibility must be considered in relation to the chronological history of malingering and exaggerations, and feigned symptoms, which characterize Plaintiff's contact with many medical professionals. Simply put, if Plaintiff often malingers, exaggerates, and feigns symptoms, then observations of these types of "conditions" by a lay witness such as his father would not be entitled to much credibility. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009).

For the foregoing reasons, the Court rejects Plaintiff's second issue, finding that the ALJ gave relevant, specific, and supportable reasons in the record to reject the testimony of Booker Black.

### III

### THE ALJ POSED A COMPLETE HYPOTHETICAL QUESTION

At the hearing before the ALJ, testimony was taken from a vocational expert ("VE"). (AR 68-75.) The ALJ took testimony, including additional information elicited from Plaintiff, and then posed a hypothetical question to the VE. (AR 70-71.) In the hypothetical, the individual would have no exertional limitations with minor exceptions, and would be capable of performing "simple, repetitive tasks." (AR 71.) Based on the hypothetical, the VE identified available work. (Id.)

Plaintiff's complaint is that the ALJ never defined what he meant by "simple" in the hypothetical. (JS at 14, et seq.)

Plaintiff also argues that the ALJ failed to provide any definition of "repetitive" in the hypothetical. (JS at 15.) For the following reasons, neither argument has merit.

The applicable regulations do in fact define the meaning of the applicable terms. Thus, 20 C.F.R. § 416.968(a) defines "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." Plaintiff's complaint is more with the asserted ambiguity in the regulation than with the application of that regulation by the ALJ. Plaintiff claims there is no definition of "simple" contained in the regulations. But in fact there is. As noted, simple duties are ones which "can be learned on the job in a short period of time." The Court perceives no ambiguity or incompleteness in this definition. Consequently, when an individual is limited to simple, repetitive tasks, he or she is precluded from performing both semi-skilled and skilled occupations. See 20 C.F.R. § 416.668(b)-(c).

Other regulations are consistent with this basic definition. 20 C.F.R. § 416.969a(c)(1)(iii) provides that a non-exertional mental impairment may cause an individual to have difficulty understanding or remembering detailed instructions, and in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.00(c)(3) (an individual "may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks").

Plaintiff's argument that the terms "simple," "repetitive," and "simple repetitive tasks" are inadequately defined in the regulations does not withstand scrutiny, and as a result, his argument fails.

7

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: January 23, 2012                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE